UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60286-Civ-COOKE/BANDSTRA

NELSON A. LOCKE,

    Plaintiff

vs.

WELLS FARGO HOME MORTGAGE
& WELLS FARGO BANK, N.A.,

    Defendants.

_____/

**ORDER DENYING EMERGENCY MOTION**
**FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF**

THIS MATTER is before me on the Plaintiff's Emergency Motion for Injunctive Relief and Declaratory Relief (ECF No. 44). The Parties have fully briefed this Motion, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons explained in this Order, the Plaintiff's Motion is denied.

**I. BACKGROUND**

The Plaintiff, Nelson Locke, and his wife Cheryl Locke obtained a mortgage loan from the Defendants. (Am. Compl. ¶ 9, ECF No. 20). Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. (Am. Compl. ¶ 4-5). On September 16, 2009, Wells Fargo placed the Plaintiff on a "90-day forbearance plan to provide them with time to increase their income or decrease their expenses (or both)." (Baker Decl. ¶ 9, ECF No. 48). The forbearance plan was not a permanent modification or a guarantee that the Lockes would qualify for a future modification. (Baker Decl. ¶ 10). The forbearance plan expired in January 2010. (Baker Decl. ¶ 10). While the Lockes were on the forbearance plan, Wells Fargo did not report the loan to the credit bureau as delinquent each month. (Baker Decl. ¶ 11).

On September 22, 2009, the Defendants sent the Lockes a letter notifying them that they "may be eligible for a trial modification" of their mortgage loan, and the new payment amount under such modification was estimated to be $1,994.00. (Am. Compl. Ex. A, ECF No. 20-1). The Plaintiff alleges that based on conversations with Wells Fargo employees he made four payments of $1,994.00 in order to have the terms of his loan modified. (Am. Compl. ¶ 21). After making three payments of $1,994.00 in October, November, and December of 2009, the Plaintiff received a letter dated January 15, 2010, stating that the request for the "Moratorium" was denied. (Am. Compl. Ex. D, ECF No. 20-4). The Plaintiff later "went onto Defendants' web site and saw that his loan modification was listed as rejected." (Am. Compl. ¶ 21(m)). The Defendants had reviewed the Lockes' loan for eligibility for a permanent loan modification and determined that they were ineligible for a loan modification under the "investor and government modification program requirements because they had substantial negative cash flow each month and thus could not establish that they could afford a repayment plan." (Baker Decl. ¶ 14).

The Plaintiff requests preliminary injunctive relief on the basis that the "Defendants continuously violate the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, by continually, willfully, and with knowing disregard for the truth, reporting to credit reporting agencies that Plaintiff is 'late' on his mortgage payments." (Em. Mot. Inj. Relief ¶ 4, ECF No. 44). While the Plaintiff does not allege a claim under the FCRA,[1] (*see* Am. Compl., ECF No. 20), he does bring state law claims and asks this Court to "compel Defendants to remove all derogatory credit

---

[1] The FCRA prohibits furnishers of credit information from providing false information to credit bureaus. *See* 15 U.S.C. § 1681s-2(a). Even if a FCRA claim had been asserted, the Defendants correctly point out that equitable relief is not available to private parties under the FCRA. (Opp'n Pl.'s Em. Mot. 9, ECF No. 47) (citing several cases including *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000) and *Varricchio v. Capital One Servs., Inc.*, No. 06-61860, 2007 WL 917226, at *2 (S.D. Fla. Mar. 23, 2007)). Therefore, the Plaintiff cannot seek injunctive relief under the FCRA.

reporting related to this loan" for breach of contract, promissory estoppel, and negligent misrepresentation claims. (Am. Compl. ¶¶ 64, 70, 89). In his request for injunctive relief, the Plaintiff asks this Court to restrain the Defendants from continuing to submit negative reports to the credit bureaus and to order the Defendants to retract the prior negative reports. (Em. Mot. Inj. Relief 4, ECF No. 44).

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983). To issue a preliminary injunction, the Plaintiff, as movant, must establish that: (1) he has a substantial likelihood of success on the merits of his claim; (2) he will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to him outweighs the possible injury that the injunction may cause the Defendant; and (4) if issued, the injunction would not disserve the public interest. *N. Am. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1217 (11th Cir. 2008).

A preliminary injunction is not to be granted unless the movant clearly carries the burden of persuasion as to all four elements. *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994).

## III. ANALYSIS

The first and primary factor in determining whether a preliminary injunction should issue is whether the moving party demonstrates a substantial likelihood of success on the merits of its claims. *Tally-Ho, Inc. v. Coast Cmty. Coll. Dist.*, 889 F.2d 1018, 1026 (11th Cir. 1989). To

demonstrate a substantial likelihood of success on the merits, the moving party must make a showing of likely or probable, but not certain, success at trial. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005).

I find that the Plaintiff has failed to carry his burden of proving a substantial likelihood of success on his claim that the Defendants wrongfully continue to report to credit reporting agencies that the Plaintiff has been late on his mortgage payments. (Emergency Mot. Injunctive Relief ¶¶ 9-13, ECF No. 44). Having failed to show a substantial likelihood of success on the merits, no preliminary injunction will issue on this claim, and I need not consider whether the other prerequisites for preliminary injunctive relief are satisfied. *See Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 15 (1st Cir. 2004) (observing that "likelihood of success is an essential prerequisite for the issuance of a preliminary injunction").

### A.  Breach of Contract & Negligent Misrepresentation Claims (Count III & VI)

**1.  Breach of Contract (Count III)**

Under Florida law, the Banking Statute of Frauds establishes that "[an] agreement by a creditor to take certain actions, such as entering into a new credit agreement," does not give rise to a claim that a new credit agreement was created "unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Fla. Stat. § 687.0304(2)-(3)(a); *accord Diaz-Verson v. Bank of Am., N.A.*, 159 F. App'x 71, 73 (11th Cir. 2005). This statute "was enacted to protect lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with the borrower which the borrower construes as an agreement, the subsequent violation of which is actionable against the lender." *Dixon v. Countrywide Fin. Corp.*, 664 F. Supp. 2d 1304, 1309 (S.D. Fla. 2009) (quoting *Brenowitz v. Centr. Nat. Bank*, 597 So. 2d 340, 342 (Fla. Dist. Ct. App. 1992)).

Here, the Plaintiff has not alleged that the loan modification was reduced to writing, but alleges that the letter dated September 22, 2009 was "an offer in writing" that was "accepted . . . by calling the Defendants as stipulated in the offer letter and setting up the schedule of required payments." (Am. Compl. ¶¶ 59-60, ECF No. 20). Since the statute of frauds is likely to bar the Plaintiff's breach of contract claim, the Plaintiff is unable to prove a likelihood of success on the merits.

## 2. Negligent Misrepresentation (Count VI)

To prove negligent misrepresentation, the plaintiff must show that:

> (1) there was a misrepresentation of material fact; (2) the represener either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the represener intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Baggett v. Elecs. Local 915 Credit Union*, 620 So. 2d 784, 786 (Fla. Dist. Ct. App. 1993). "Florida courts consistently hold that the statute of frauds also serves to bar any claims that are 'premised on the same conduct and representations that were insufficient to form a contract and are merely derivative of the unsuccessful contract claim.'" *Dixon*, 664 F. Supp. 2d at 1309 (quoting *Bankers Trust v. Basciano*, 960 So. 2d 773, 778 (Fla. Dist. Ct. App. 2007)). A claim for negligent misrepresentation is considered a derivative claim of a breach of contract claim. *Id.*

The Plaintiff's negligent misrepresentation claim in this case is premised on the same conduct as the breach of contract claim, alleging that the Defendants "negligently misrepresented to Plaintiff . . . that Defendants would permanently modify Plaintiff's . . . existing mortgage loan[]." (Am. Compl. ¶ 82, ECF No. 20). The Plaintiff is not likely to be successful on the merits of his negligent misrepresentation claim.

**B.  Promissory Estoppel Claim (Count IV)**

In order to establish a claim for promissory estoppel under Florida law, the plaintiff must establish: "(1) that the plaintiff detrimentally relied on a promise made by the defendant; (2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person; and (3) that injustice can be avoided only through the enforcement of the promise against the defendant." *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. Dist. Ct. App. 1999) (citing *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)).  Relief is only available "where the [alleged] promise is definite, of a substantial nature, and is established by clear and convincing evidence." *W.R. Grace*, 547 So. 2d at 920.  Florida courts have rejected promissory estoppel claims where the alleged promise "was not definite but, on the contrary, was entirely indefinite *as to terms and time*." *Id.* at 924.

The promise here was not definite or substantial in nature because the letter sent to the Plaintiff only indicated an estimated amount that payments *may* be reduced to, and did not give the terms for the new payment rate such as the duration of the new loan or the interest rate.  (*See* Am. Compl. Ex. A, ECF No. 20-1).  The Plaintiff also does not allege that any oral statements by the Defendants' employees conveyed the terms of the new agreement.  Therefore, the Plaintiff is unlikely to succeed on the merits of his promissory estoppel claim.

### IV. CONCLUSION

The Plaintiff has failed to make the required showing as to the likelihood of success on the merits with regard to any of his claims.  Because the Plaintiff has not met his burden with regard to the first element required for preliminary injunctive relief, I need not consider the remaining elements.

It is **ORDERED and ADJUDGED** that the Plaintiff's Emergency Motion for Injunctive Relief and Declaratory Relief (ECF No. 44) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 4th day of October 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*