UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60286-Civ-COOKE/BANDSTRA

NELSON A. LOCKE,

    Plaintiff

vs.

WELLS FARGO HOME MORTGAGE
& WELLS FARGO BANK, N.A.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CASE is before me on the Defendants' Motion to Dismiss the First Amended Complaint (ECF No. 29). I have reviewed the arguments, the Amended Complaint, and the relevant legal authorities. For the reasons explained below, the Motion is granted.

### I. BACKGROUND

The Plaintiff, Nelson Locke, and his wife, Cheryl Locke, obtained a mortgage loan from Wells Fargo. (Am. Compl. ¶ 9, ECF No. 20). Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. (collectively "Defendants"). (*Id.* ¶ 4-5).

On September 22, 2009, Wells Fargo sent the Lockes a letter notifying them that they "may be eligible for a trial modification" of their mortgage loan, and the new payment amount under such modification was estimated to be $1,994.00. (Am. Compl. Ex. A, ECF No. 20-1). Mr. Locke alleges that based on conversations with Wells Fargo employees he made four payments of $1,994.00, in order to have the terms of his loan modified. (Am. Compl. ¶ 21). After making three payments of $1,994.00 in October, November, and December, the Lockes received a letter dated January 15, 2010, stating that the request for the "Moratorium" was

denied. (Am. Compl. Ex. D, ECF No. 20-4). The Lockes later "went onto Defendants' web site and saw that his loan modification was listed as rejected." (Am. Compl. ¶ 21(m)).

Mr. Locke filed this lawsuit against Wells Fargo alleging violations of the Fair Debt Collection Practices Act (count I) and the Florida Consumer Collection Practices Act (count II), breach of contract (count III), promissory estoppel (count IV), misleading advertising (count V), and negligent misrepresentation (count VI). Wells Fargo has moved to dismiss all counts.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While detailed factual allegations are not required, a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.*

When considering a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III. DISCUSSION

### A. Fair Debt Collection Practices Act (Count I)

To establish a claim under the Fair Debt Collection Practices Act ("FDCPA"), a plaintiff must allege and prove that: "(1) the plaintiff has been the object of collection activity arising

from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000).

The FDCPA applies only to debt collectors, and creditors are not subject to FDCPA claims. *Madura v. Lakebridge Condo. Ass'n Inc.*, No. 09-11636, 2010 WL 2354140, at *2 (11th Cir. June 14, 2010). Under the FDCPA, a "debt collector" does not include "any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii) and (iii).

The Plaintiff has failed to show that Wells Fargo is a "debt collector" within the meaning of the FDCPA with respect to the mortgage loan at issue. *See Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1307-08 ("In order to plead adequately under the FDCPA, the Plaintiff must sufficiently allege that [the defendant] is a 'debt collector.'"). Wells Fargo is the Plaintiff's mortgage servicer and original creditor on the mortgage loan. (*See* Am. Compl. ¶ 8, 21, ECF No. 20). Therefore, by the Plaintiff's own admission, his claims under 15 U.S.C. § 1692 fail as a matter of law. Since Wells Fargo was the mortgage company servicing the Plaintiff's mortgage, it cannot be liable as a "debt collector" under section 1692. Accordingly, Count I, alleging violations of the FDCPA, is dismissed with prejudice.

**B. Florida Consumer Collection Practices Act (Count II)**

Wells Fargo argues, in part, that Mr. Locke has failed to allege any conduct on its part that would constitute a violation of the Florida Consumer Collection Practices Act (FCCPA).[1]

---

[1] The FCCPA differs from the FDCPA, in part, in that it prohibits acts of "persons" and, accordingly, is not limited to "debt collectors." *Schauerv. Gen. Motors Acceptance Corp.*, 819 So. 2d 809, 811-12 (Fla. Dist. Ct. App. 2002).

3

(Mot. Dismiss 17-19, ECF No. 29).  In response, the Plaintiff asserts that the "Defendant is trying to collect an illegitimate debt," and it is "misrepresenting the amount of debt owed by Plaintiff."  (Resp. Def.'s Mot. Dismiss ¶ 16, ECF No. 35).  The Plaintiff does not, however, point to any factual allegations of the Amended Complaint to support its conclusory allegations.

Mr. Locke alleges that Wells Fargo violated the FCCPA by: (1) willfully communicating with the debtor with such frequency as can be expected to abuse or harass; (2) attempting and threatening to enforce a debt that the Defendants knew or should have known was not legitimate; and (3) communicating with the debtor between the hours of 9 p.m. and 8 a.m.  (Am. Compl. ¶¶ 45-56); *see also* Fla. Stat. §§ 559.72(7), (9), (17).

First, in order to show that Wells Fargo violated section 559.72(7) of the FCCPA, the Plaintiff must allege that Wells Fargo willfully engaged in conduct that harassed the consumer.  The Amended Complaint is completely devoid of factual allegations as to show that the Plaintiff received calls from Wells Fargo that would satisfy the purpose and frequency elements of a statutory claim under the FCCPA.  (*See* Am. Compl. ¶¶ 48-50).  The Plaintiff's claims merely tracks the language of section 559.72(7), and such conclusory allegations will not prevent dismissal.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009).  The Plaintiff therefore fails to allege a violation under section 559.72(7).

Second, under the facts alleged in the Amended Complaint, the Plaintiff has not alleged actual knowledge of any impropriety or overreaching that is not legitimate on the part of Wells Fargo.  "The use of the word 'knows' requires actual knowledge of the impropriety or overreach of a claim."  *In re Cooper*, 253 B.R. 286, 290 (Bankr. N.D. Fla. 2000) (citing *Kaplan*, 88 F. Supp. 2d at 1363).  "The FCCPA requires an allegation of knowledge or intent by the debt collector in order to state a cause of action."  *Id.*  Here, while the Plaintiff alleges that Wells

4

Fargo failed to agree to different terms and Wells Fargo is "misrepresenting" the amount of the debt owed, he is not disputing the fact that he *does* owe Wells Fargo for past missed payments. (*See* Resp. Mot. Dismiss ¶ 16, ECF No. 35). Nothing in the FCCPA prevents Wells Fargo from attempting to collect the outstanding amounts owed regardless if the Plaintiff was making payments on a temporary modification. A demand for payment upon a legitimate debt will not support a claim under section 559.72(9). *LeBlanc v. Unifund CCR Partners, G.P.*, 552 F. Supp. 2d 1327, 1341 (M.D. Fla. 2008), *rev'd on other grounds*, No. 08-16031, 2010 WL 1200691 (11th Cir. Mar. 30, 2010). Therefore, the allegations under section 559.72(9) are insufficient to survive dismissal.

Finally, the allegations pursuant to section 559.71(17) of the FCCPA fail because the Plaintiff does not make any factual allegations, but merely tracks the language of the FCCPA. (*See* Am. Compl. ¶ 54). These bare and conclusory allegations are not entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1951. Accordingly, the claims pursuant to the FCCPA, as alleged in Count II, are dismissed without prejudice.

**C. Breach of Contract (Count III)**

To establish a breach of contract claim, a plaintiff must allege the existence of a valid contract, which requires: (1) an offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *E.g.*, *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). Wells Fargo argues that the banking statute of frauds bars the breach of contract claim.[2] (Mot. Dismiss 8-10).

---

[2] Wells Fargo also argues that the claim should fail because the Home Affordable Modification Program (HAMP) does not provide a private right of action. (Mot. Dismiss 5-8). Wells Fargo is correct in this assertion. *See, e.g.*, *Zoher v. Chase Home Fin.*, No. 10-14135-civ, 2010 WL 4064798 (S.D. Fla. Oct. 15, 2010). However, the cases cited by Wells Fargo are not dispositive. In the cases finding no private right of action, the plaintiff typically is alleging that the mortgage

Under Florida law, the Banking Statute of Frauds establishes that "[an] agreement by a creditor to take certain actions, such as entering into a new credit agreement," does not give rise to a claim that a new credit agreement was created "unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." Fla. Stat. § 687.0304(2)-(3)(a); *accord Diaz-Verson v. Bank of Am., N.A.*, 159 F. App'x 71, 73 (11th Cir. 2005). A credit agreement is defined as an "agreement to lend or forbear repayment of money, goods, or things in action, to otherwise extend credit, or to make any other financial accommodation." Fla. Stat. § 687.0304(1). The banking statute of frauds "was enacted to protect lenders from liability for actions or statements a lender might make in the context of counseling or negotiating with the borrower which the borrower construes as an agreement, the subsequent violation of which is actionable against the lender." *Dixon v. Countrywide Fin. Corp.*, 664 F. Supp. 2d 1304, 1309 (S.D. Fla. 2009) (quoting *Brenowitz v. Cent. Nat'l Bank*, 597 So. 2d 340, 342 (Fla. Dist. Ct. App. 1992)). Under Florida law, generally, an "agreement that is required by the statute of frauds to be in writing cannot be orally modified." *Wharfside at Boca Pointe, Inc. v. Superior Bank*, 741 So. 2d 542, 545 (Fla. Dist. Ct. App. 1999).

Here, the Plaintiff has not alleged that the loan modification was reduced to writing, but alleges that the letter dated September 22, 2009, was "an offer in writing" that was "accepted . . . by calling the Defendants as stipulated in the offer letter and setting up the schedule of required payments." (Am. Compl. ¶¶ 59-60).

---

company failed to give her an opportunity to modify her loan in accordance with HAMP. *See, e.g., Aleem v. Bank of Am., N.A.*, No. 09-01812, 2010 WL 532330 (C.D. Cal. Feb. 9, 2010). In this case, the Plaintiff is alleging that Wells Fargo extended the offer by sending the letter and the Plaintiff accepted that offer by calling the Defendants. (Am. Compl. ¶¶ 59-60). The fact that Wells Fargo extended the "offer" because of HAMP would not prevent an otherwise valid breach of contract claim.

The Plaintiff argues that the statute of frauds does not bar the claim because his partial or full performance takes the claim out of the statutes of frauds. (Pl.'s Resp. Mot. Dismiss ¶ 7, ECF No. 35) (citing *Ala v. Chesser*, 5. So. 3d 715 (Fla. Dist. Ct. App. 2009)). In *Ala*, where the plaintiff was to execute and deliver a quitclaim deed, the court found that because the plaintiff fully performed, he was entitled to specific performance and his claim was not barred under the statute of frauds. *Ala*, 5 So. 3d at 719-20. This case is not dispositive here. A financing agreement, indefinite in its terms, is not susceptive to specific performance. *Philbrick v. Wedel*, 411 So. 2d 973, 974 (Fla. Dist. Ct. App. 1982). Here, the Plaintiff's claim rests on an alleged agreement with no specificity as to the essential terms. (*See* Am. Compl. Ex. A, ECF No. 20-1).[3] Accordingly, the statute of frauds bars the breach of contract claim, and count III is dismissed with prejudice.

**D. Promissory Estoppel (Count IV)**

In order to establish a claim for promissory estoppel under Florida law, the plaintiff must establish:

> (1) that the plaintiff detrimentally relied on a promise made by the defendant; (2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third person; and (3) that injustice can be avoided only through the enforcement of the promise against the defendant.

*W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. Dist. Ct. App. 1999) (citing *W.R. Grace & Co. v. Geodata Servs., Inc.*, 547 So. 2d 919, 924 (Fla. 1989)). Relief is only available "where the [alleged] promise is definite, of a substantial nature, and is established by clear and convincing evidence." *W.R. Grace*, 547 So. 2d at 920. Florida courts have rejected promissory estoppel claims where the alleged promise "was not definite but, on the

---

[3] Since attachments to the complaint are "a part of the pleading for all purposes," a court may consider the content of the attachments in passing on a motion to dismiss. Fed. R. Civ. P. 10(c).

contrary, was entirely indefinite *as to terms and time*." *Id.* at 924. Furthermore, "[t]he doctrine of promissory estoppel cannot be used to circumvent the statute of frauds." *Harris v. Sch. Bd. of Duval Cnty.*, 921 So. 2d 725, 735 n.9 (Fla. Dist. Ct. App. 2006).

The promise here was not definite or substantial in nature because the letter Wells Fargo sent to the Plaintiff only indicated an estimated amount that payments *may* be reduced to, and did not give the terms for the new payment rate such as the duration of the new loan or the interest rate. (*See* Am. Compl. Ex. A). The Plaintiff also does not allege that any oral statements by the Wells Fargo's employees conveyed the terms of the new agreement. Therefore, the promissory estoppel claim fails, and Count IV is dismissed with prejudice.

**E. Violation of Florida Statute § 817.41 (Count V)**

"In order to prove a violation of [Florida Statute] Section 817.41 [Misleading Advertising], Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement." *Smith v. Mellon Bank*, 957 F.2d 856, 858 (11th Cir. 1992); *Joseph v. Liberty Nat'l Bank*, 873 So. 2d 384, 388 (Fla. Dist. Ct. App. 2004). The elements for fraud in the inducement include: (1) that the representor made a misrepresentation of a material fact; (2) that the representor knew or should have known of the falsity of the statement; (3) that the representor intended that the representation would induce another to rely and act on it; and (4) that the plaintiff suffered injury in justifiable reliance on the representation. *Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 255-56 (Fla. Dist. Ct. App. 2005). The plaintiff must also allege that the representation was made with the intent of selling or disposing of property or services, or to induce the public to enter into any obligation relating to such property

8

or services. *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 496 (Fla. Dist. Ct. App. 2001).

> Florida Statute § 817.40(5) provides that:
>
> The phrase "misleading advertising" includes any statements made, or disseminated, in oral, written, or printed form or otherwise, to or before the public, or any portion thereof, which are known, or through the exercise of reasonable care or investigation could or might have been ascertained, to be untrue or misleading, and which are or were so made or disseminated with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services.

The Plaintiff does not sufficiently allege facts to support a claim for misleading advertising. The loan modification letter does not promise or mention a permanent modification. (*See* Am. Compl. Ex. A). The alleged advertisement, the letter sent on September 22, 2009, made no mention of a permanent modification and was only for a trial modification. Therefore, the Plaintiff's allegation that Wells Fargo misrepresented that it would permanently modify his mortgage fails as a matter of law. Also, the statements allegedly made to the Plaintiff by Wells Fargo's employees were not public statements and could not be construed as advertising. Count V, misleading advertising, is therefore dismissed with prejudice.

**F. Negligent Misrepresentation (Count VI)**

> To prove negligent misrepresentation, the plaintiff must show that:
>
> (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

*Baggett v. Electricians Local 915 Credit Union*, 620 So. 2d 784, 786 (Fla. Dist. Ct. App. 1993).

"Florida courts consistently hold that the statute of frauds also serves to bar any claims that are

'premised on the same conduct and representations that were insufficient to form a contract and are merely derivative of the unsuccessful contract claim.'" *Dixon v. Countrywide Fin. Corp.*, 664 F. Supp. 2d 1304, 1309 (S.D. Fla. 2009) (quoting *Bankers Trust Co. v. Basciano*, 960 So. 2d 773, 778 (Fla. Dist. Ct. App. 2007)).  A claim for negligent misrepresentation is considered a derivative claim of a breach of contract claim. *Id.*

The negligent misrepresentation claim in this case is premised on the same conduct as the breach of contract claim, alleging that Wells Fargo "negligently misrepresented to Plaintiff . . . that Defendants would permanently modify Plaintiff's . . . existing mortgage loan[]." (Am. Compl. ¶ 82).  The banking statute of frauds therefore also bars this claim. *See Dixon*, 664 F. Supp. 2d at 1309.  The negligent misrepresentation claim, Count VI, is therefore dismissed with prejudice.

### IV. CONCLUSION

For the reasons explained in this order, the Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED** as follows:

1. The Plaintiff's claims in Counts I, III, IV, V, VI are **DISMISSED with prejudice**.
2. The Plaintiff's claim in Count II is **DISMISSED without prejudice**.
3. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers, at Miami, Florida, this 30th day of November 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*